

# THE ATTORNEY GENERAL
# OF TEXAS

July 13, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Steve W. Simmons
District Attorney
303 City-County Building
El Paso, Texas 79901

Opinion No. JM-745

Re: Whether a child protective services specialist for the Department of Human Services may be a foster parent for that agency

Dear Mr. Simmons:

You ask whether a conflict of interest would exist if a child protective services specialist of the Texas Department of Human Services were a foster parent for the department.

Article 6252-9b, section 1, V.T.C.S., provides:

> It is the policy of the State of Texas that no state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and to strengthen the faith and confidence of the people of Texas in their state government, there are provided standards of conduct and disclosure requirements to be observed by persons owing a responsibility to the people of Texas and the government of the State of Texas in the performance of their official duties. It is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms.

Article 6252-9b, section 8(c) provides:

> No state officer or state employee should accept other employment or compensation which

could reasonably be expected to impair his
independence of judgment in the performance of his
official duties.

The Department of Human Services is responsible for regulating
foster family homes as well as other child-care facilities. Hum. Res.
Code §§42.001 et seq. To fulfill that responsibility, the department
has promulgated qualifications and standards for foster parents. 40
T.A.C. §§83.231 through 83.248. See also Hum. Res. Code §41.021
(department may pay the cost of foster care in some circumstances).
Although you indicate that a child protective services specialist is
assigned to every foster child, you do not describe the specific
responsibilities of a child protective services specialist. You make
clear, however, that you are not asking whether a child protective
services specialist may be assigned to his own foster child. See
generally Hum. Res. Code §42.021 (department shall employ sufficient
personnel to fulfill its responsibility to protect children in child-
care facilities).

In the brief you submitted with your request, you suggest several
potential conflicts of interest. You state, for example:

Being a foster parent entails certain
obligations and responsibilities, such as
attending service plan reviews, court hearings,
and ·other foster parent-related activities. A
child protective services specialist's job is a
full-time job that many times requires the
specialist to work more than the usual 40-hour
week. Problems will arise in that, as a foster
parent, the child protective services specialist
would have to be taking time off from his
employment to be at meetings and other activities
required of foster parents, thereby leading to
interruptions of said employee's job time.

If the department determined that a potential foster parent would
not be able to meet the needs of a foster child because of job
responsibilities or for any other reason, that person would not be
qualified to be a foster parent. See generally 40 T.A.C. §83.234. If
the "conflicts" you describe, however, were conflicts of interest for
purposes of article 6252-9b, then no state employee could be a foster
parent or, for that matter, a parent. Article 6252-9b does not
prohibit state employees from engaging in activities or hobbies that
might occasionally require them to use their leave or to be
unavailable for overtime work. Cf. Letter Advisory No. 62 (1973) (the
fact that an individual might not have sufficient time to devote to
two public positions does not create legal incompatibility).

You also suggest that the interests a child protective services specialist would have as a foster parent might affect the decisions he would have to make as a child protective services specialist. If a child protective services specialist's role as a foster parent impaired his ability to make decisions and judgments required for his job, then a conflict of interest for purposes of article 6252-9b would exist. The determination of whether such a conflict does exist is a question of fact and should be determined by the department. See Attorney General Opinions H-1223 (1978) (determination of whether a conflict of interest exists for purposes of article 6252-9b is a fact question that cannot be resolved in the opinion process); H-688 (1975) (determination of whether a conflict of interest exists for purposes of article 6252-9b must be made by body of which legislator in question is a member); see also Attorney General Opinion H-1317 (1978) (to the extent that rule of Department of Human Resources precludes employee's possession of a real estate license where no conflict of interest exists and where employee's performance is in no way impaired, rule is invalid).

## S U M M A R Y

The question of whether a Department of Human Services child protective services specialist may serve as a foster parent is a question of fact that cannot be resolved in the opinion process.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General